# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CNA INSURANCE COMPANY LIMITED, | CASE NO. C18-932 RSM |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES |
| v. | |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EXPEDITORS INTERNATIONAL OCEAN, *et al.*, | |
| Defendants. | |

This matter was initially before the Court on Expeditors Defendants' Motion to Compel Discovery Responses from Plaintiff. Dkt. #21. The Court granted Defendants' motion—which included a request for attorneys' fees—and invited them to "file a properly supported request for fees and costs." Dkt. #25 at 3. The parties have submitted supplemental briefing.[1] Dkts. #26–#28. Having considered the supplemental briefing, the Court grants in part Defendants' Motion for Attorneys' Fees (Dkt. #26).

When a motion to compel is granted under Federal Rule of Civil Procedure 37(a), the court is to award "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5). District courts have broad discretion to determine the reasonableness

---

[1] Plaintiff does not actually contest the substance of Defendants' motion beyond speculating that that "fees in excess of $750 are unwarranted and unfair." Dkt. #28 at 2.

ORDER – 1

of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In making the determination, courts calculate the "lodestar amount," which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is a presumptively reasonable fee award. *Id.* at 977. But the court may adjust the lodestar figure up or down based on the *Kerr* factors[2] in determining a reasonable fee. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).

Defendants' counsel avers, from his "knowledge of the industry," that the hourly rates charged by Defendants' attorneys are commensurate to the hourly rates charged by other attorneys in the market "with similar levels of experience in similar practice areas." Dkt. #27 at ¶ 7. "Affidavits of the [party's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [party's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Plaintiff does not contest that the rates asserted are reasonable. On this limited record, the Court will utilize the rates claimed.

The Court next turns to the reasonableness of the hours charged. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is reasonable for a district court to

---

[2] The "*Kerr* factors" refer to various considerations identified by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). These factors include (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the relationship with the client, and (12) awards in similar cases. *Id.* at 70. Many of these factors are subsumed into the lodestar calculation itself. *Cunningham v. Cnty. of Los Angeles*, 879 F2d 481, 487 (9th Cir. 1988).

ORDER – 2

conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Id.* at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

Defendants claim that Mr. Block billed "1.6 hours preparing the Motion to Compel and the reply brief" and that Mr. Rogers' billed "3.7 hours preparing the motion to compel and the reply brief." Dkt. #26 at 2–3. The Court finds that the 0.5 hours of Mr. Block's time has been block-billed and should be excluded. Dkt. #27 at p. 14 (block billing 1.4 hours); Dkt. #27 at p.3, ¶ 8 (Mr. Block estimating that 0.5 hours of that time was relevant to the motion to compel). Further, the Court notes that this motion to compel was particularly straight forward and essentially conceded. The Court will accordingly exclude the 0.4 hours Mr. Block spent and the 0.3 hours Mr. Rogers spent on the reply as unnecessary. Lastly, the Court will further reduce the 3.4 hours Mr. Rogers spent on the motion to compel by one hour, finding the time excessive and that a combined 3.6 hours (1.2 hours Mr. Block and 2.4 hours Mr. Rogers) represents a more reasonable amount of compensable time. After making those adjustments, the Court awards fees of $1,338.00 for preparation of the motion to compel.

Defendants also seek 4.7 billable hours related to preparation of their motion for fees (0.3 hours for Mr. Block and 4.4 hours for Ms. Cohen). Dkt. #26 at 3. Defendants assert simply that the time incurred was "caused by [Plaintiff's] failure to respond to [Defendants'] discovery requests and is therefore compensable." *Id.* (citing *Thomas v. Everett Ass'n of Credit Men, Inc.*, No. C17-599RSM, 2018 U.S. Dist. LEXIS 67126 (W.D. Wash. Apr. 20, 2018)). Plaintiff concedes the issue, so the Court does not consider it here. Dkt. #28 (merely asserting that the

ORDER – 3

Court should award $750.00). But, Defendants do not provide detailed time records related to their motion for fees. On this record, the Court cannot determine whether the full 4.7 billable hours is reasonable. Accordingly, the Court will award Mr. Block's 0.3 hours and allow for 1.0 hours of Ms. Cohen's time. This results in an award of $467.50 for preparation of the motion for attorneys' fees.

Having considered the motions and relevant briefing and the remainder of the record, the Court finds and ORDERS that Defendant's Motion for Attorneys' Fees (Dkt. #26) is GRANTED IN PART as stated above. Plaintiff shall pay Expeditors Defendants $1,805.50 in attorneys' fees within 21 days of this Order.

DATED this 13th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4