UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CNA INSURANCE COMPANY LIMITED, | CASE NO. C18-932RSM |
| Plaintiff, | ORDER |
| v. | |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EXPEDITORS INTERNATIONAL OCEAN, *et al.*, | |
| Defendants. | |

**A. Introduction and Case History**

This matter is before the Court *sua sponte*. Plaintiff CNA Insurance Company Limited and Defendant Expeditors International of Washington, Inc. d/b/a Expeditors International Ocean are the parties remaining in this action. Dkt. #30. Trial is set for December 2, 2019. Dkt. #20. The trial date has not changed since it was originally set approximately one year ago.

In the intervening year, the matter has not been before the Court often. The only substantive dispute brought before the Court was Defendant's motion to compel responses to its discovery requests. Dkt. #21. Plaintiff responded to but did not substantively oppose the motion to compel. The Court granted the motion and later ordered Plaintiff to pay Defendant attorneys' fees of $1,805.50 by July 5, 2019. Dkts. #25 and #29.

ORDER – 1

## B. Defendant Files a Motion to Dismiss and a Motion *In Limine*

Thirty-two days before the trial date, Defendant filed a motion to dismiss the action on the assertion that "Plaintiff has not prosecuted the case and has stymied [Defendant's] ability to conduct discovery and submit pre-trial filings in accordance with past and pending deadlines." Dkt. #33 at 1 (punctuation altered). The motion is noted for consideration on November 22, 2019—ten days before the trial date. Shortly thereafter, Defendant also filed a motion *in limine* seeking to exclude the testimony of a possible witness ("Mr. Giardino"). Dkt. #34. Both motions were premised, at least in part, on a dispute over who had the responsibility to schedule the continuation of a Rule 30(b)(6) deposition with Mr. Giardino as a substituted Rule 30(b)(6) witness.[1] Dkts. #33 and #34. Also relevant here, Defendant represents to the Court that "to date, and despite repeated requests, [Defendant] has yet to receive the court-ordered attorneys' fees, which were due by the Court's Order on or before July 4, 2019." Dkt. #33 at 2.

Plaintiff responded to Defendant's motions on November 18, 2019. Dkts. #36 and #37. Plaintiff argues its position that Defendant was responsible for assuring that the deposition went forward and failed to do so. Dkt. #33 at 3–4. Additionally, Plaintiff argues that Defendant has not made its own employee available for a Rule 30(b)(6) deposition noted by Plaintiff. *Id.* On these facts, Plaintiff argues "that dismissal of the captioned matter is not warranted and requests that the parties be given 30 days to complete the deposition of Mr. Giardino by subpoena, and the date to file the pretrial order be extended for 30 days and that the matter thereafter proceed to trial." Dkt. #36 at 9. Plaintiff argues that the motion in *limine* should be denied for similar reasons. Dkt. #37. In neither response does Plaintiff address whether it violated this Court's

---

[1] The parties originally agreed to hold the continuation deposition on August 26, 2019, but the deposition did not go forward after the witness indicated he was no longer available.

ORDER – 2

previous order by failing to timely pay attorneys' fees.[2]  Defendant's reply has not been filed and the motions remain pending.

### C. Plaintiff Fails to File a Pretrial Order

At the time the Court set the trial date, the Court set November 20, 2019, as the deadline for submission of an agreed pretrial order. Dkt. #20. Local Civil Rule 16 sets forth various requirements related to submission of a proposed pretrial order. LCR 16(h)–(m). These requirements include plaintiff providing defendant with a proposed pretrial order 30-days prior to the court's deadline, reviewing proposed exhibits, arranging and participating in a conference of attorneys, and cooperating with opposing counsel "in developing a proposed pretrial order which can be signed by counsel for all parties. LCR 16(h)–(k). "In order to accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court, the provisions of this rule will be strictly enforced. Sanctions and penalties for failure to comply are set forth in LCR 11 and in the Federal Rules of Civil Procedure." LCR 16(m)(1).

Local Civil Rule 11 sets forth possible sanctions, cautioning that

> [f]ailure of an attorney for any party to appear at a pretrial conference or to complete the necessary preparations therefor, or to appear or be prepared for trial on the date assigned, may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against that party either with respect to a specific issue or the entire case.

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

---

[2] Plaintiff did indicate, in the Declaration of James A. Saville, Jr. In Support of Plaintiff's Response to Defendant Expeditors's [sic] Motion to Dismiss, that "[t]he payment of fees with respect to the Court's prior order was made and Expeditor's counsel was made aware that the check was mailed prior to the filing of the instant motion." Dkt. #36-1 at ¶ 12.

ORDER – 3

LCR 11(c).

Despite the clear direction of the Court's prior order and the local rules and despite being warned of the potential consequences, Plaintiff did not file a pretrial order. Instead, Defendant filed a proposed pretrial order on its own behalf, indicating that "[P]laintiff has failed to submit pre-trial statements as required by LCR 16(h); to join [D]efendant for a conference of attorneys as required by LCR 16(k); or otherwise cooperate with [D]efendant in the pretrial process." Dkt. #38 at 1.

### D. Plaintiff Seeks A Trial Continuance

On November 21, 2019, and with five court days remaining prior to trial, Plaintiff filed a motion to continue the trial date. Dkt. #39. The motion was noted for the Court's consideration on Friday, November 29, the Friday before the Monday trial date. Therein, Plaintiff sought, for the first time, a continuance of the "case to a date no earlier than February 24, 2020." *Id.* at 1. Plaintiff indicates that, after the continued Rule 30(b)(6) deposition did not go forward—despite it already being scheduled after the Court's discovery cutoff—, the parties agreed[3] to seek a trial continuance. Dkt. #39-1 at ¶ 5; Dkt. #33-1 at ¶¶ 9–10. Plaintiff's counsel agreed that he would prepare the stipulated motion. *Id.* However, Plaintiff's counsel failed to do so, as did Defendant's counsel, and no such stipulated motion was filed.

Somewhat shockingly, Plaintiff excuses its failure to seek a timely continuance because it necessarily "has focused its time in the last few weeks on opposing" Defendant's motions because "[u]ntil the witness dispute is resolved, the parties simply cannot fully meet the Court's deadlines regarding the Pretrial Order and other pretrial deadlines, although [P]laintiff is making

---

[3] Plaintiff is vague about when the agreement occurred, representing it as "weeks ago," while Defendant places the agreement in early September 2019. Dkt. #39-1 at ¶ 5; Dkt. #33-1 at ¶ 10.

ORDER – 4

efforts to do so prior to the scheduled Pretrial Conference."[4] Dkt. #39 at 4. The Court struggles to see how prudent counsel, aware of impending deadlines that will not be met, fails to take the several minutes necessary to draft a stipulated motion to continue and instead spends hours or days opposing motions that may be irrelevant if a continuance is granted.

While placing the blame with Defendant, Plaintiff takes conflicting positions on its own readiness. Plaintiff takes the position that it has evidence sufficient to make out a prima facie case against defendants." Dkt. #39-1 at ¶ 4. Simultaneously, Plaintiff takes the position that the trial cannot go forward on the trial date because the trial will "necessarily involve witnesses from out of the state and also possibly from out of the country." Dkt. #39 at 3.

Plaintiff's motion for a continuance and recent filings read like bad excuses. *See* Dkt. #39-1 at ¶ 5 ("Despite [Plaintiff's New York counsel's] offer to prepare the Stipulated Motion, [Defendant's counsel] could easily have prepared it, as could [Plaintiff's local counsel] if [Plaintiff's local counsel] had known before recently that it was not being prepared."). But the Court is not sure that Defendant is entirely blameless either. Defendant highlights the importance of Mr. Giardino to its defense to play up the harm purportedly caused by Plaintiff's failure to make him available. If Mr. Giardino was vital to Defendant's case, it could have obtained necessary relief instead of waiting to the eve of trial to strategically cry foul.

Perhaps most frustratingly, Plaintiff's local counsel believes "this case could still settle, or if not, could be prepared for trial in a month or two if the Court were to allow that at this point." Dkt. #39-1 at ¶ 7. Why were neither of these paths taken <u>months</u> ago? Counsel knowingly neglected their duties. Now, counsel dumps the matter in the Court's lap, frivolously

---

[4] No pretrial conference is scheduled yet.

ORDER – 5

occupying the Court's time to solve their self-created emergencies.  The Court will not continue to allow this case to monopolize the Court's docket.

Accordingly, having reviewed the record in this matter, the Court finds and ORDERS:

1. The December 2, 2019 trial date and all *unexpired* pretrial deadlines are VACATED.
2. Plaintiff's Motion to Continue Trial Date (Dkt. #39) is DENIED as moot.
3. The parties are tasked with informing the Court of whether this matter can continue and of the proper path forward.  Dismissal of the entire case may be too harsh a penalty.  Similarly, holding Plaintiff to its failure to comply with previous deadlines or to file a pretrial order identifying witnesses or evidence may act as a de facto dismissal.  The Court ORDERS each party to show cause: (a) whether Plaintiff's action should be dismissed, (b) what sanction short of dismissal may be appropriate, and (c) considering counsel's actions and appropriate sanctions, what is a reasonable path to resolution.  **Responses shall be no more than six (6) pages and shall be filed no later than November 27, 2019.**
4. Defendant's motions (Dkts. #33 and #34) REMAIN PENDING.  If necessary, the Court will address the motions following filing of the parties' responses.
5. Failure to respond will result in dismissal of this case.

Dated this 22nd day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6