UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CNA INSURANCE COMPANY LIMITED, | CASE NO. C18-932RSM |
| Plaintiff, | ORDER |
| v. | |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EXPEDITORS INTERNATIONAL OCEAN, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter is before the Court following the Court's order to show cause whether this matter should be dismissed or whether there was an appropriate sanction short of dismissal that would allow this matter to proceed on the merits. Also pending before the Court are Defendants'[1] Motion to Dismiss and Defendants' Motion *In Limine* to Exclude or Limit the Testimony of David Giardino. Dkts. #33 and #34. The Court resolves the issues as follows.

---

[1] The record is unclear as to whether Expeditors should be treated as one or two entities. Plaintiff initiated the action against "Expeditors International of Washington, Inc., d/b/a Expeditors International Ocean." Dkt. #1. The FRCP 7.1 Disclosure Statement of Expeditors Defendants represents that "Expeditors International Ocean, Inc. is a wholly owned subsidiary of defendant Expeditors International of Washington, Inc." Dkt. #6. Expeditors variously references both "Defendants" and "Defendant." Dkt. #43. The Court uses "Defendant" in this Order, and by doing so does not intend to imply that only one entity remains as a defendant.

ORDER – 1

## II. BACKGROUND

The relevant background is primarily procedural. Plaintiff CNA Insurance Company Limited and Defendant Expeditors International of Washington, Inc. d/b/a Expeditors International Ocean were to begin trial on December 2, 2019. Dkt. #20. Thirty-two days before the trial date, Defendant filed a motion to dismiss the action on the assertion that "Plaintiff has not prosecuted the case and has stymied [Defendant's] ability to conduct discovery and submit pretrial filings in accordance with past and pending deadlines." Dkt. #33 at 1 (punctuation altered). The motion was noted for the Court's consideration ten days before the trial date. Shortly thereafter, Defendant also filed a motion *in limine* seeking to exclude the testimony of a possible witness, Mr. Giardino.[2] Dkt. #34. Both motions were premised, at least in part, on a dispute over who was responsible for scheduling continuation of a Federal Rule of Civil Procedure 30(b)(6) deposition with Mr. Giardino substituted as the 30(b)(6) witness. Dkts. #33 and #34.

Plaintiff opposes the motions, arguing that Defendant was the cause of the delay, failed to protect its own rights, and violated its own discovery obligations. Dkts. #36 and #37. Plaintiff argues "that dismissal of the captioned matter is not warranted" and requests 30 days[3] to complete limited discovery and additional time to prepare pretrial filings. Dkt. #36 at 9.

Two days after responding to Defendant's motion, Plaintiff violated an order of this Court by failing to file an agreed pretrial order on the date previously set by the Court. Defendant filed its own proposed pretrial order and indicated that Plaintiff had additionally failed to comply with

---

[2] Defendant's Motion *In Limine* was filed on the deadline previously set by the Court. Plaintiff did not file any timely motion *in limine*. *See* Dkt. #20.

[3] Plaintiff later filed a Motion to Continue Trial Date. Dkt. #39. The Court subsequently struck the trial date and denied Plaintiff's Motion as moot. Dkt. #41. No trial date is currently set.

ORDER – 2

its obligations under the Court's Local Civil Rules. Dkt. #38. Noting the obligations imposed on Plaintiff by the Court's local rules and prior orders, and Plaintiff's clear notice of the possible sanctions for violations, the Court indicated that some sanction was likely warranted. Dkt. #41 at 3–4. However, finding both parties to have some culpability and because of the drastic nature of dismissing Plaintiff's claims, the Court required the parties to propose appropriate sanctions. *Id.* at 4–6. Specifically, the Court required the parties to address "(a) whether Plaintiff's action should be dismissed, (b) what sanction short of dismissal may be appropriate, and (c) considering counsel's actions and appropriate sanctions, what is a reasonable path to resolution." *Id.* at 6.

### III. DISCUSSION

#### A. Plaintiff's and Defendant's Suggested Remedies

Plaintiff's contrite, yet brief, response acknowledges that mistakes were made. Dkt. #42 at 1–2. Nevertheless, Plaintiff indicates that dismissal would be an overly harsh result, representing that even without Mr. Giardino's testimony, it has sufficient evidence to establish a prima facie case that shoes were damaged in Defendant's possession. *Id.* at 2–3. Accordingly, Plaintiff requests that the Court:

1. Allow it to secure Mr. Giardino's presence at a Rule 30(b)(6) deposition before December 20, with Plaintiff bearing the deposition costs—should the deposition not occur, Plaintiff agrees it should be precluded from offering Mr. Giardino's testimony at trial;

2. Require mediation of Plaintiff's claims before January 17, 2020, with Plaintiff bearing the costs;

3. Set February 14, 2020, as a new deadline for filing an agreed pretrial order and require Plaintiff to provide Defendant with a Pretrial Statement by January 24, 2020; and

4. Dismiss the case if Plaintiff fails to comply with any deadlines hereafter set by the Court.

*See id.* at 3.

ORDER – 3

Adopting its arguments in support of it motion to dismiss, Defendant maintains that the Court should dismiss the action directly, either as a sanction or on Defendant's Motion to Dismiss. Dkt. #43 at 1–2. Alternatively, Defendant argues that the Court should limit Plaintiff to its current evidence. *Id.* Defendant maintains that this will effectively dismiss Plaintiff's claims because it will otherwise lack adequate evidence. *Id.* Defendant indicates that the prior Rule 30(b)(6) witness was unable to testify as to damages and that Plaintiff's counsel—representing the Rule 30(b)(6) witness—agreed to produce Mr. Giardino as a substitute Rule 30(b)(6) designee. *Id.* at 3. Defendant casts this as its own accommodation of Plaintiff's failure to properly prepare the original Rule 30(b)(6) witness, which Defendant maintains should have included contacting Mr. Giardino. *Id.* at 4–5. Thus, Defendant seeks to preserve the original Rule 30(b)(6) witness's testimony as the relevant testimony—i.e. insufficient testimony. *Id.* at 5–6. As only an "insufficient" backup remedy, Defendant argues it should be awarded attorneys' fees and costs. *Id.*

**B. Proper Basis for Remedy**

The main thrust of Defendant's position is that the Court should dismiss the action under Federal Rule of Civil Procedure 41. That rule provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Generally, the 'harsh penalty' of dismissal 'should only be imposed in extreme circumstances.'" *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). Before dismissing a case pursuant to Rule 41(b), the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

ORDER – 4

availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quotation marks and citation omitted).

The Court first notes that Defendant's main complaints relate to the Rule 30(b)(6) deposition. Defendant faults the Rule 30(b)(6) witness for not being adequately prepared and faults Plaintiff for not readily making Mr. Giardino available as a substitute Rule 30(b)(6) witness. But these are disputes that should have been raised in the course of discovery and addressed at that time under Rule 37. Likewise, the Court is not convinced by Defendant's argument that the Court should exclude Mr. Giardino from testifying, that Plaintiff therefore lacks sufficient evidence to support its claims, and that the Court should therefore dismiss the case. If Plaintiff lacked adequate evidence to support its claims, Defendant should have sought summary judgment at the appropriate time. Because Defendant had adequate remedies at the relevant times, it suffered little to no prejudice from Plaintiff's actions.

The Court therefore focuses primarily on Plaintiff's failure to meet its pretrial obligations. But the Court is hard pressed to characterize Plaintiff's actions as a failure to prosecute its case. Plaintiff is present and presumably this matter can proceed to trial.

The Court finds involuntary dismissal under Rule 41(b) an overly harsh penalty that unfairly punishes Plaintiff for the failings of its counsel. The delays in this case are not extensive. While Plaintiff's actions have impacted the Court's ability to manage its docket, the Court believes that both can be addressed with sanctions short of dismissal. Further, resolving Plaintiff's actions short of outright dismissal best protects the Court's preference for resolution of disputes on their merits. Defendant's Motion to Dismiss fails on this basis. Rather, the Court

finds that sanctions under Federal Rule of Civil Procedure 16 appear most appropriate.[4] FED. R. CIV. P. 16(f).

### C. Appropriate Sanction

In arriving at an appropriate sanction, the Court focuses on the prejudice to Defendant. The primary harms are delay, inconvenience, and increased expense. Setting aside dismissal,[5] Defendant's sole remaining proposal is that Plaintiff be required to pay its fees and costs. The Court finds this reasonable. FED. R. CIV. P. 16(f)(2). Plaintiff additionally proposes that it be required to secure Mr. Giardino's attendance at a Rule 30(b)(6) deposition before December 20, 2019, or be prevented from calling him, that the Court require mediation, that the Court set an expedited schedule for preparing an agreed pretrial order, and that Plaintiff face dismissal should it fail to meet any new deadline set by the Court. The Court generally agrees that these are appropriate.[6] The Court will not, however, require the parties to mediate this claim as Defendant does not request mediation and that deadline expired by its own right without action by the parties.

---

[4] Sanctions under the Court's inherent powers requires bad faith, vexatious, wanton, or oppressive actions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Similarly, Federal Rule of Civil Procedure 11 is limited to actions taken for improper purposes, to increase costs, or misrepresentations. FED. R. CIV. P. 11(c). Federal Rule of Civil Procedure 37 generally deals with sanctions for conduct during discovery. FED. R. CIV. P. 37(b). Lastly, and having already determined that dismissal is not warranted, the Court does not find that its authority to enter judgment as to the entire case or specific issues under Local Civil Rule 11(c) is appropriate.

[5] The Court has already determined that dismissal is not appropriate. Dkt. #43. Defendant does propose "(2) holding the parties to the evidence currently in the record; [and] (3) striking David Giardino as a trial witness." *Id.* at 1. However, Defendant indicates that these options "would be tantamount to dismissal." *Id.* at 2. The Court need not consider them separately.

[6] To the extent necessary, the Court reopens discovery for the limited purpose of holding Mr. Giardino's deposition.

ORDER – 6

## IV. CONCLUSION

Accordingly, having reviewed Defendant's motions, the briefing of the parties, the responses to the Court's Order to Show Cause, and the remainder of the record, the Court finds and ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #33) is DENIED.

2. Defendants' Motion *In Limine* to Exclude or Limit the Testimony of David Giardino (Dkt. #34) is DENIED as moot.

3. Plaintiff shall secure Mr. Giardino's appearance at a deposition to occur no later than December 20, 2019. Plaintiff shall bear the costs of the deposition, including Defendant's time and travel. Should Plaintiff fail to secure the deposition of Mr. Giardino, Plaintiff may not offer testimony from Mr. Giardino at trial.

4. The Court sets **March 16, 2020**, as the trial date and the following pretrial deadlines:

   | | | |
   |---|---|---|
   | a. | Agreed Pretrial Order | **March 4, 2020** |
   | b. | Pretrial Conference | **to be set** |
   | c. | Trial briefs and proposed findings of fact and conclusions of law, designations of deposition testimony pursuant to LCR 32(d), and trial exhibits | **March 11, 2020** |

5. Should Plaintiff fail to comply with the pretrial deadlines set forth above, Plaintiff is warned that the Court will dismiss the matter.

6. Defendant is awarded its reasonable fees and costs reasonably incurred because of Plaintiff's failure to participate in the preparation of an agreed pretrial order. No later than fourteen (14) days from the date of this Order, Defendant may file a motion for attorneys' fees and costs no longer than six (6) pages and supported by documentary evidence reflecting the amount of fees and costs sought. The motion shall be noted for

ORDER – 7

the second Friday after it is filed. No later than the Monday before the noting date, Plaintiff may file a Response, no longer than six (6) pages, addressing only the reasonableness of the fees and costs requested.[7] No Reply is permitted.

Dated this 9 day of December, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Should Plaintiff believe that Rule 16 does not provide an appropriate basis for the Court's Order, Plaintiff may include an additional three pages addressing the proper basis for sanctions.