UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CNA INSURANCE COMPANY LIMITED, | CASE NO. C18-932RSM |
| Plaintiff, | ORDER |
| v. | |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EXPEDITORS INTERNATIONAL OCEAN, *et al.*, | |
| Defendants. | |

This matter is before the Court on supplemental briefing of the parties following the Court's order awarding Defendant "its reasonable fees and costs reasonably incurred because of Plaintiff's failure to participate in the preparation of an agreed pretrial order." Dkt. #44 at 7. Defendant "requests an award of $17,450 in attorneys' fees and $15 in costs." Dkt. #47 at 1. Plaintiff objects that the requested fees are exorbitant and unreasonable. Dkt. #49 at 1.[1]

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In making the determination, courts calculate

---

[1] Plaintiff does not contest that Federal Rule of Civil Procedure 16 provides an appropriate basis for the imposition of attorneys' fees and costs here. *See* FED. R. CIV. P. 16(f)(2) (providing for an award of "the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule").

ORDER – 1

the "lodestar amount," which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is a presumptively reasonable fee award.[2] *Id.* at 977.

The Court begins by noting that the reasonableness of the hourly rates charged are not challenged and are consistent with the hourly rates the Court found reasonable when it previously awarded Defendant fees in this matter. *See* Dkt. #49 at 1; Dkt. #29 at 2. The Court accepts the rates[3] as reasonable and accordingly considers the number of hours reasonably expended.

Defendant argues that Plaintiff's failure to participate in the preparation of a pretrial order caused it to incur fees for three discrete tasks. Dkt. #47 at 3–4. Most directly, Defendant argues that Plaintiff's actions necessitated various communications aimed at attempting to coordinate over the pretrial order and Defendant's preparation of its own pretrial order for 11.7 hours. Dkt. #47 at 4; *see also* Dkt. #38. Additionally, Defendants argue that Plaintiff's actions were necessarily detailed and addressed in briefing its motion to dismiss for failure to prosecute or comply with the Court's deadlines. *See* Dkts. #33 and #40. This briefing required 28.4 hours.

---

[2] The lodestar figure may also be adjusted up or down to arrive at a reasonable fee with consideration of the *Kerr* factors. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002). The "*Kerr* factors" refer to various considerations identified by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). These factors include (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the relationship with the client, and (12) awards in similar cases. *Id.* at 70. Many of these factors are subsumed into the lodestar calculation itself. *Cunningham v. Cnty. of Los Angeles*, 879 F2d 481, 487 (9th Cir. 1988). The Court does not find any adjustment necessary in this case.

[3] Mr. Block and Mr. Filer, both shareholders, charged $475 per hour and Ms. Mennemeier, an associate, charged $315 per hour.

ORDER – 2

Dkt. #47 at 3. Finally, Defendant argues that Plaintiff's actions necessitated 5.9 hours of work to respond to an order to show cause issued by this Court. Dkt. #47 at 4; *see also* Dkt. #43.

Plaintiff argues that a more substantial portion of the work should have been handled by associates. Dkt. #49 at 2. But the Court's local rules specifically require that the attorneys "principally responsible for trying the case on behalf of each party" must "be completely familiar with all aspects of the case." LCR 16(k). The Court will not fault Defendant for the involvement of lead counsel at this case's late juncture.

Secondly, Plaintiff argues that the preparation of a pretrial order is a mundane task and that the Court should award only 10-15% of the amount requested by Defendant.[4] This small portion should be sufficient, Plaintiff argues, because cases such as this rarely proceed to trial, because the prejudice to Defendant from its failure to participate is minimal, and because Defendant could have approached the issue differently. Dkt. #49 at 3. Further, Plaintiff argues, the Court's current award should be reduced because Plaintiff has already borne fees and costs because of Plaintiff's other conduct in this case. *Id.* at 3–4. But the Court declines the invitation to travel with Plaintiff down the many different paths that could have resulted from different actions by Plaintiff and Defendant. The Court does not doubt that the issue could have been resolved more swiftly by the parties. But the Court's proper inquiry relates to what actually happened.

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, Defendant has provided contemporaneous time records. Dkt. #47-2 at 42–48. After the Court's

---

[4] These percentages represent a proposed range of fees from $1,745 to $2,617.50.

ORDER – 3

review, neither the work performed, nor the hours expended strike the Court as particularly unusual or unnecessary. Defendant further provides a table summarizing the work expended by its counsel, broken out by attorney and by task. Dkt. #47-1 at 3. Nevertheless, the Court does find several deviations appropriate.

The Court does not agree that all time related to Defendant's motion to dismiss should be compensated. Plaintiff's failure to satisfy its obligations related to the pretrial order was only one of several grounds supporting Defendant's motion to dismiss. *See generally* Dkt. #33. The Court finds that one third of this time was reasonably related to Plaintiff's failures related to the pretrial order. The issue, however, received more focus on Defendant's reply and the Court finds that one half of that time is a more reasonable award. *See generally* Dkt. #40. This same reasoning holds true for Defendant's response to the Court's order to show cause, and the Court again finds that one half of that time is reasonably awarded.

The Court also finds that several individual time entries do not appear adequately related to Plaintiff's conduct at issue here. Accordingly, the Court excludes the following entries.

| Date | Hours | Reason |
| --- | --- | --- |
| 11/07/19 | 0.4 | Insufficiently related to missed pretrial deadlines |
| 11/18/19 | 0.8 | Insufficiently related to missed pretrial deadlines |
| 11/18/19 | 0.5 | Insufficiently related to missed pretrial deadlines |
| 11/21/19 | 0.7 | Insufficiently related to missed pretrial deadlines |
| 11/25/19 | 0.3 | Insufficiently related to missed pretrial deadlines |
| 11/25/19 | 0.7 | Unnecessary strategy conferencing |
| 11/26/19 | 0.6 | Unnecessary strategy conferencing |

Finally, the Court finds that an overall reduction is appropriate because of block billing. District courts reasonably conclude that the party seeking attorneys' fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block

ORDER – 4

billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. In this case, the Court finds that a 10% reduction in the time claimed is appropriate.

Collectively, these reductions are represented in the following chart.

| Individual | Type of Work | Hours | Hourly Rate | Total |
|---|---|---|---|---|
| Block | Communications with opposing counsel, client, and court about response to plaintiff's failure to submit pretrial filings. | 7.5 | $475.00 | $3,562.50 |
| Mennemeier | Communications with opposing counsel, client, and court about response to plaintiff's failure to submit pretrial filings. | 4.2 | $315.00 | $1,323.00 |
| Block | Prepare motion to dismiss | 4.5 | $475.00 | $2,137.50 |
| Mennemeier | Prepare motion to dismiss | 0.9 | $315.00 | $283.50 |
| Block | Prepare reply to motion to dismiss | 1.75 | $475.00 | $831.25 |
| Mennemeier | Prepare reply to motion to dismiss | 3.0 | $315.00 | $945.00 |
| Block | Respond to order to show cause | 1.3 | $475.00 | $617.50 |
| Mennemeier | Respond to order to show cause | 1.0 | $315.00 | $315.00 |
| **SUBTOTAL** | | 24.15 | | $10,015.25 |
| | | | Less 10% | - $1,001.53 |
| **TOTAL** | | | | **$9,013.72** |

ORDER – 5

Having considered the relevant briefing, supporting declarations, and the remainder of the record, the Court finds and ORDERS that Plaintiff shall pay the Expeditors Defendants $9,013.72 in attorneys' fees and $15.00 in costs (a total of $9,028.72) within thirty (30) days of this Order.

Dated this 5 day of February, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6