UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CNA INSURANCE COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EXPEDITORS INTERNATIONAL OCEAN, PAPPAS TRUCKING LLC, and DOE I,<br><br>Defendants. | Case No. C18-932-RSM<br><br>ORDER GRANTING MOTION TO EXCLUDE WITNESSES |

This matter comes before the Court on Defendant Expeditors International of Washington, Inc. ("Expeditors")'s Motion, pursuant to Rule 37(c) and the Court's Order dated October 6, 2021, to bar Pham Duc Hong ("Hong") and Thuy Thi Truong ("Truong"), from testifying at trial. Dkt. #71. Plaintiff CNA Insurance Company opposes. Dkt. #73.

This case has been marred by prior procedural errors from Plaintiff's counsel, *see* Dkt. #44, as well as delays from the parties and the Court (in ruling on the instant Motion). The Court will not summarize the entire procedural record but notes that attorney's fees have been awarded to Defendants on more than one occasion. *See* Dkts. #29 and #51.

The following facts are generally agreed to by the parties. Discovery in this matter closed on August 5, 2019. Plaintiff CNA's Initial Disclosures, dated January 14, 2019, and Plaintiff's Answers and Responses to Expeditors's First Interrogatories and Requests for

ORDER GRANTING MOTION TO EXCLUDE WITNESSES - 1

Production, dated May 20, 2019, identified, *inter alia*, the following "persons" with relevant knowledge who might be called to testify at trial: "Personnel at Golden Star Co., Ltd., a shipper apparently involved" and "Representatives of Golden Star Co., Ltd." Dkts. #72-1 and #72-2. At no time during discovery did CNA identify any specific individuals from Golden Star.

CNA's February 3, 2020, pretrial statement and September 30, 2021, proposed pretrial order named Hong and Truong for the first time. *See* Dkts. #72-3 and #69. These individuals were personnel or representatives at Golden Star. CNA has subsequently indicated that it does not plan to call Truong as a witness.

Expeditors moves to bar these witnesses under Rule 37(c), which states in part that "[i]f a party fails to… identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that… witness to supply evidence… at trial, unless the failure was substantially justified or is harmless." The Court can consider other sanctions listed in that Rule. Expeditors credibly argues that it was prejudiced by the failure to disclose these witnesses prior to the close of discovery. *See* Dkt. #71 at 4. Expeditors reasonably believed that no witnesses from Golden Star would be called given CNA's failure to supplement.

The Court has reviewed the response briefing from CNA and finds that this failure to disclose was not substantially justified. This failure has harmed Expeditors's ability to prepare for trial without needless additional expense. Both parties have been prejudiced by the delay. Given the Court's prior monetary sanctions of CNA, the Court finds that excluding these witnesses is the appropriate sanction here. The Court is not convinced that exclusion of these witnesses is equivalent to a dismissal.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Expeditors's Motion to Exclude Witnesses, Dkt. #71, is GRANTED.

Plaintiff's witnesses Pham Duc Hong and Thuy Thi Truong are barred from testifying at trial. No fees have been requested and none shall be awarded. The parties are to focus on resolving any remaining issues and to prepare for trial. The Court DIRECTS the Clerk to set a new trial date in this matter and to issue a revised scheduling order.

DATED this 20th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE