UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CNA INSURANCE COMPANY LIMITED,<br><br>                                  Plaintiff,<br><br>         v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EXPEDITORS INTERNATIONAL OCEAN, and DOE I,<br><br>                                  Defendants. | Case No. C18-932-RSM<br><br>ORDER GRANTING MOTION TO MODIFY ORDER SETTING TRIAL DATE AND RELATED DATES AND FOR LEAVE TO FILE A DISPOSITIVE MOTION |

This matter comes before the Court on Defendant Expeditors International of Washington, Inc. ("Expeditors'")'s Motion to Modify Order Setting Trial Date and Related Dates and for Leave to File a Dispositive Motion. Dkt. #83. Pursuant to Fed. R. Civ. P. 16(b)(4), Defendant seeks an order modifying the case schedule to allow Expeditors to bring a motion for summary judgment seeking dismissal of this action. Plaintiff opposes Defendant's Motion, arguing that Defendant did not diligently pursue discovery, that Defendant could have and should have filed a timely dispositive motion, and that a modification of the schedule would not serve to promote judicial economy. Dkt. #84. Having reviewed the relevant record and for the reasons stated below, the Court GRANTS Defendant's Motion.

ORDER - 1

The Court's Scheduling Order is meant to be neither flexible nor suggestive. Rather, "[t]he parties are bound by the dates specified in the scheduling order," LCR 16(b)(6), which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b) (4); LCR 16(b)(4). This "good cause" standard "primarily considers the diligence of the party seeking the amendment," though the court may also take into account "the existence or degree of prejudice to the party opposing the modification." *Johnson v. Mammoth* Recreations, 975 F.2d 604, 609 (9th Cir.1992). Mere "carelessness is not compatible with a finding of diligence." *Id.*

In considering whether a continuance is proper, courts look to: (1) the moving party's diligence in its efforts to ready its defense prior to the date beyond which a continuance is sought; (2) whether the continuance would have served a useful purpose if granted; (3) the extent to which granting the continuance would have inconvenienced the court, opposing parties, and witnesses; and (4) the amount of prejudice suffered by the moving party due to the denial of the continuance. *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985) (internal citations omitted). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the Court finds good cause for modifying the Court's Scheduling Order and that Defendant has satisfied the applicable standard for a continuance. As to the first factor, Defendant argues that Plaintiff's delay in disclosing witnesses Hong and Truong and the later exclusions of said witnesses by the Court resulted in Defendant's inability to move for summary judgment. Dkt. #83 at 4–5. In response, Plaintiff argues that its Rule 26 Disclosures and certain discovery responses served in June 2019 identified "Representatives of Golden Star Co., Ltd.," a third-party company. Dkt. #84 at 2–3. The Court agrees with Defendant that Plaintiff brought

ORDER - 2

this case, Plaintiff has the burden to establish a prima facie case, and therefore Plaintiff has the burden to compel third-party testimony. The Court therefore finds Plaintiff's response unavailing. As for any attempt to relitigate whether witnesses Hong and Truong should have been excluded—that issue is settled, and any related arguments are also unavailing. The Court directs Plaintiffs to its Order Granting Defendant's Motion to Exclude Witnesses. *See* Dkt. #79. As to the last three factors, the Court finds that briefing as to whether Plaintiffs can establish a prima facie case under the U.S. Carriage of Goods by Sea Act, 46 U.S.C. §30701 *et seq* ("COGSA") given the exclusion of witnesses Hong and Truong will promote judicial economy. The Court finds that summary judgment briefing will at least clarify the issues for trial if Defendant's motion is denied, if not avoid a trial altogether if Defendant's motion is granted.

Accordingly, it is hereby ORDERED:

1) Defendant's Motion to Modify Order Setting Trial Date and Related Dates and for Leave to File a Dispositive Motion (Dkt. #83) is GRANTED.

2) Defendant shall file its motion for summary judgment by no later than September 13, 2023.

3) The current trial date and related pretrial deadlines are stricken and will be reset following the Court's ruling on summary judgment.

DATED this 15th day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3