UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CNA INSURANCE COMPANY LIMTED,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., d/b/a EXPEDITORS INTERNATIONAL OCEAN, PAPPAS TRUCKING LLC and DOE I,<br><br>Defendants. | Case No. C18-932-RSM<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Expeditors International of Washington, Inc., and Expeditors International Ocean, Inc. (collectively "Expeditors")'s Motion for Summary Judgment. Dkt. #87. Plaintiff CNA Insurance Company ("CNA") opposes. Dkt. #90. For the reasons stated below, the Court finds that Plaintiff has established a genuine dispute as to material facts precluding summary judgment dismissal of its claims and DENIES the Motion.

## II.   BACKGROUND

This case arises from damage to a shipment of ladies footwear (the "Cargo") in containers SEGU5177600, FCIU8214591, CAIU8231369 and FCIU8249387 (the "Containers") during transportation from Vietnam to Ohio. Dkt. #1. Plaintiff CNA filed this action alleging that Defendant Expeditors failed to properly deliver the Cargo in the same good order and condition

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 1

as when received. *Id*. Plaintiff seeks damages from Defendant for the damaged cargo. Dkt. #1. Defendant now move for summary judgement on the basis that Plaintiff cannot make a *prima facie* case under COGSA. Dkt. #87. Plaintiff has filed a Response in opposition to the Motion. Dkt. #90.

The following facts are undisputed. Fitflop USA LLC is organized and existing under the laws of the State of Delaware and was the owner and receiver of the Cargo. Dkt. #69. CNA is incorporated under foreign law and was the insurer of the Cargo, and Expeditors is incorporated under Washington law and is a duly authorized common carrier of goods for hire. *Id.* A total of 2,292 cartons of ladies footwear were delivered to the port in Vietnam in the Containers for transportation to Columbus, Ohio. *Id.* Expeditors issued sea waybill 622452246 for the carriage of the Cargo in the Containers from Haiphong, Vietnam, to FitFlop USA. *Id*.

ODW Logistics operated a warehouse facility at 1600 Cleveland Avenue, Columbus, Ohio, to which the Containers and Cargo were delivered. *Id*. On September 26, 2017, the Cargo was found to be damaged upon receipt at the ODW Facility. *Id.* Plaintiff seeks to recover the factory cost of the damaged goods and the costs incurred in the handling of the damaged goods after receipt in Columbus, Ohio, including but not limited to cleaning and treating some shoes, sorting, inspections, transportation to QCI (cleaning facility), desiccants in each box of marketable shoes, per diem container charges, and pro rata portion of the freight paid defendant. *Id.*

### III.   DISCUSSION

**A. Legal Standard**

Summary judgment should be rendered "if the pleadings, discovery and disclosure material on file, and any affidavits show there is no genuine issue as to any material fact and that

the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Id.* "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir.1995). It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.,* 68 F.3d at 1221.

  B. Analysis

    i. **CARRIAGE OF GOODS BY SEA ACT**

  By its terms, COGSA applies "to all contracts for carriage of goods by sea to or from ports in the United States in foreign trade." 46 U.S.C. § 1312 (1982). The term "contract of carriage" includes only those "contracts of carriage covered by a bill of lading or any similar document of title, insofar as such document relates to the carriage of goods by sea, including any bill of lading or any similar document as aforesaid issued under or pursuant to a charter party from the moment at which such bill of lading or document of title regulates the relations between a carrier and a holder of the same." *Id.* § 1301(b).

  Under COGSA, a shipper has the burden of proving that the cargo was damaged while in the custody of the carrier (i.e., loaded in good condition, discharged in damaged condition). 46

U.S.C. §§ 1302, 1303; *American Home Assur. Co. v. American President Lines, Ltd.*, 44 F.3d 774, 777 (9th Cir.1994).  Once such evidence has been received, a *prima facie* case has been shown and the burden of proof shifts to the carrier to establish that the loss came under a statutory exception to COGSA.  *Taisho Marine & Fire Ins. v. M/V Sea-Land Endurance*, 815 F.2d 1270, 1274-75 (9th Cir.1987).  Sections 4(2) and 4(4) of COGSA provide a number of exceptions to the imposition of liability on the carrier, such as acts of God, acts of war, and other causes arising without the actual fault of the carrier.  46 U.S.C. §§ 1304(2), 1304(4).  If the loss does not fall within one of the enumerated exceptions, then the carrier is subject to liability under COGSA.  *Id.*

There are two general ways a plaintiff can make out such a *prima facie* case under COGSA.  First, the plaintiff may present direct evidence relating to the healthy condition of the goods at delivery and their damaged condition at outturn. *Transatlantic Marine Claims Agency, Inc. v. M/V OOCL Inspiration*, 137 F.3d 94, 98 (2d Cir. 1998).  The second way a plaintiff may discharge its burden is to show that the characteristics of the damage suffered by the goods justify the conclusion that the harm occurred while the goods were in the defendant's custody.  *Id* at 99.  This second avenue is available because not infrequently a plaintiff who is unable to provide specific evidence as to the condition of the goods at delivery or outturn, can nonetheless show, by the nature of the damage, that the injury complained of happened to the cargo while it was in the carrier's custody.  *Id*.

  ii. **Plaintiff's *Prima Facie* Evidence**

It is undisputed that the cargo was damaged, and neither party has produced convincing direct evidence of the Cargo's condition at the time of delivery to the carrier.  However, Plaintiff argues it can establish its *prima facie* case under the second avenue and offers photographs that demonstrate the good order and condition of the Cargo when loaded in the Containers, and the

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 4

deposition testimony and declaration of David Giardino, FitFlop's Director of Operations in 2017. Defendant argues that this evidence is inadmissible and therefore should not be considered by the Court. The court disagrees for the following reasons.

### iii. Photograph Authenticity

Defendant argues that the photographs produced in discovery are not witness authenticated, and therefore cannot be offered as evidence in trial. *See* Dkt. #87 and #91. Plaintiff counters by arguing that the metadata of the photographs lends credibility to their authenticity as it shows the date and time that the photographs were taken. Dkt. # 90.

A recent Nevada District Court case, *Tamares Las Vegas Properties, LLC v. Traveers Indemnity Company*, has provided some insight on the authenticity of metadata. 586 F.Supp.3d 1022. In *Tamares*, Plaintiff sought to authenticate and admit photographic evidence using the date and time stamps within the photos' metadata. In response, Defendant did not argue or present any evidence that these photos or their metadata were adulterated in any way, but rather pointed out that the contractor's employees were unable to bring forward witnesses who could authenticate the photographs. *Id.* Under FRE 901, to authenticate "an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," such as the item's distinctive "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Id* at 1031. Thus, the court held that the metadata was sufficient for authenticity purposes and admitted the evidence, with the caveat that "the credibility or probative force of the evidence offered is, ultimately, an issue for the jury." *Id* (citing *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985)).

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 5

Similarly, in the present case, the Defendant has shown no reason to doubt the photos' distinctive metadata's authenticity. Therefore, the court will deem the photos authentic, but Defendant may still elicit and present evidence regarding metadata reliability and accuracy.

### iv. Testimony of David Giardino

Defendant also argues that the testimony of David Giardino is without foundation and speculative at best, and therefore cannot prove that the cargo was in good condition when delivered to Expeditors' custody. The Court agrees that Mr. Giardino cannot testify about the condition of the cargo at the time of its delivery since he was not physically present. However, testimony regarding his personal knowledge of the loading procedures followed and documents prepared at Golden Star, his understanding of the relationship between Golden Star and Expeditors, and his experience dealing with the damaged footwear when it arrived at the ODW Facility are all first-hand knowledge that he can speak to.

Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. at 351. Further, "in judging the credibility of a witness and determining the weight to be given to his testimony, the trier of the fact may consider the witness' demeanor and manner while on the stand, the character of his testimony as being probable or improbable, inconsistencies, patent omissions and discrepancies in his testimony, or between the testimony of different witnesses, contradictory testimony, his interest in the outcome of the case, his relationship to the litigants, and many other factors hearing upon the truthfulness or untruthfulness of the witness' testimony." *Young Ah Chor v. Dulles*, 270 F.2d 338, 341 (9th Cir. 1959). Because Mr. Giardino has personal knowledge of the standard procedures followed by the factories when loading cargo into containers, including the use of chassis, the jury should be allowed the opportunity to listen

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 6

to his testimony and determine for themselves whether they find him credible and what weight should be given to such evidence.

### v. Factual Dispute Regarding the Rain

Finally, the filings have established that there is a factual dispute as to when and in whose custody the rain damage occurred, which is a question that precludes summary judgment and should be decided by a jury. Accordingly, Defendant's Motion is DENIED.

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Expeditor's Motion for Summary Judgment Dkt. #87 is DENIED.

DATED this 19th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 7